NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEOWULF VON PRINCE, | No. 20-17191 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-01283-VC |
| v. | |
| DSM NUTRITIONAL PRODUCTS LLC, a California corporation; SWISS POST SOLUTIONS, INC., a California corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Beowulf von Prince appeals pro se from the district court's judgment

dismissing his action arising from an employment dispute and arbitration award.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Lazar v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017) (dismissal for lack of personal jurisdiction); *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016) (dismissal for lack of standing). We affirm.

The district court properly dismissed von Prince's claims against defendant DSM Nutritional Products LLC because von Prince failed to allege facts sufficient to establish Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (discussing requirements for Article III standing, including that "the injury has to be fairly . . . trace[able] to the challenged action of the defendant" as opposed to "the independent action of some third party not before the court" (internal quotation marks omitted)).

The district court properly dismissed defendant Swiss Post Solutions, Inc. because von Prince failed to allege facts sufficient to establish that the district court had personal jurisdiction over Swiss Post Solutions, Inc. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004) (discussing requirements for general and specific personal jurisdiction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

20-17191

We do not consider documents not presented to the district court. *See*

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**